## Weekly Abstract of PENDING CASES

## THIS WEEK'S DIGEST
### Cases Published in the Abstract

No. 922
HILTY v. GILBERT et
No. 19348. Supreme Court
On motion to certify. Dock. Sept. 8, 1925;
3 Abs. 580.

1197. TRUSTS—Does fact that husband controls and invests money of wife, using it for improving his real estate, create a trust for her benefit?

Mary and Rufus Gilbert lived together as husband and wife and during this relation the husband received an undivided one forth interest of his father's estate consisting of 10 acres and the wife received inheritance of $10,-500 from her relatives. There were no children by this marriage and the husband died intestate in 1923 followed soon after by his wife who also died intestate.

A part of the money received by Mary Gilbert was used in purchasing and improving the real estate; and her husband had control and managed the sums as was received by her investing them in his own name. The cause was submitted to the Putnam Court of Appeals and in the Supreme Court, Jasper Pope, administrator of Mary Gilbert's estate, contends:

1. That the court erred in directing him to distribute one-half of the personal property to the heirs of Rufus Gilbert and one-half to the heirs of Mary Gilbert under 8577 GC.

2. That the court erred in finding that an accounting was had for the money received by Rufus Gilbert from Mary Gilbert by reason of his death.

3. The court erred in denying that any of the real or personal property was held in trust.

4. The court erred in denying the right to an accounting for the money Rufus Gilbert received from Mary Gilbert.

5. The court erred in refusing to allow him, as administrator, property rights vested on behalf of the widow under 8592, 8607, 10656 and 10654 GC.

It is claimed that under 8592 GC. when a person dies leaving no children nor legal representatives, the widow or widower as next of kin will be entitled to all personal property subject to distribution upon settlement of the estate. It is claimed that Mary Gilbert took all the personal property solely by virtue of 8592 GC. and that it does not descend or pass from her on distribution of her estate under 8577 GC.

It is contended that the Court of Appeals held that by reason of the husband's death all of his property passed to his wife and thereby accounted to her for all he had received from her. It is urged if this be true, the property ought to pass to the heirs of the wife as a creditor and not by descent under 8577 GC.

It is claimed that the husband took the wife's money for improving his real estate and it is contended that whenever a husband acquires possession of his wife's separate property, whether he does so with or without her consent, he is deemed to hold it in trust for her benefit.

Published in This and Last Week's Abstract

70. AMENDMENT

Where procedure of governmental agency is changed by legislative enactment, it amounts to amendment of the laws theretofore existing and subject to rule of interpretation provided by 26 GC. State ex. v. Bd. of Ed. OS. 3 Abs. 692.

1. To 3941 GC. (111 OL. 338), to be interpreted by rule declared in 26 GC., under which, amendment does not apply to a pending proceeding.

2. When ordinance is adopted providing for issue of bonds, prior to such amendment, it is a "proceeding"; and amount of such bonds when added to existing city indebtedness, does not exceed limitations provided by 3941 GC. State ex. v. Weiler, OS. 3 Abs. 679.

158. ELECTIONS

1. State supervisor of, not required to appoint deputy in compliance with the recommendation of political executive committee, unless such person is certified to qualify.

2. State supervisor must establish, by clear and convincing evidence, that party recommended is disqualified to hold office, otherwise he is bound to make the appointment. State ex. v. Brown, OS., 3 Abs. 675.

225. CHARGE TO JURY

Stated that if "some changes were made in note, the plaintiff cannot recover." Held to be prejudicial and erroneous because plaintiff should have been given benefit of the presumption of law that if a change was made, it was made prior or at the time of execution of the note. Atley v. Atley, OA. 3 Abs. 687.

237. CLAIMS

Where there are two claimants for the same money and it is paid over to one of them, recognized as being rightfully due him, the other cannot sue to recover such money, for having rightfully received the money, the law will not imply a promise to hold it for use of the other claimant, or to pay it to him. Brannon v. Damschroeder, OA. 3 Abs. 667.

323. COUNTY COMMISSIONERS

Authorized under 8863 GC., et seq., to construct overhead crossing over railroad company's tracks with its co-operation. County Comms., In Re. Atty. Gen., 3 Abs. 672.

333. CRIMINAL LAW

1. Members of association organized for purpose of apprehending and convicting criminals may make arrests anywhere within state, subject to 10203 and 10204 GC.

2. Where indictment charges impersonation of officer and when defendant had pleaded not guilty, reversible error for court to give jury his own conclusions upon guilt of defendant and to state he has no defense.

3. Question of whether or not there has been false representation, as to being a police officer is one of fact for jury. Fouts v. State, OS. 3 Abs. 692.

1. Minor charged with felony, waives right to jurisdictional defect on ground of minority, if plea in abatement to indictment is not filed.